IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY L. LANGFORD,<br>    Petitioner<br><br>    v.<br><br>WARDEN THOMPSON,<br>    Respondent | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:     No. 1:22-cv-01178<br><br>    (Judge Kane) |

**MEMORANDUM**

Before the Court is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 through which Petitioner Terry L. Langford ("Langford") seeks earned time credit towards his sentence under the First Step Act ("FSA"). For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.   BACKGROUND**

Langford is currently incarcerated by the United States Bureau of Prisons ("BOP") in Allenwood Federal Correctional Institution ("FCI-Allenwood"). He is serving a 120-month sentence imposed by the United States District Court for the District of Maryland for bank fraud and aggravated identity theft. (Doc. No. 20-1 at 3.)

Langford filed the instant case on July 28, 2022, seeking a writ of habeas corpus compelling the BOP to apply earned time credits to his sentence pursuant to the FSA. (Doc. No. 1-1.) On August 11, 2022, the BOP informed Langford that it would be calculating his earned time credit under the FSA in the near future. (Doc. No. 9 at 2-3.) Langford moved for leave to amend his petition based on this information. (Id.) The Court granted the motion to amend on October 3, 2022. (Doc. No. 16.) The BOP calculated his earned time credits under the FSA on October 7, 2022, concluding that he was entitled to 365 days towards early release and 140 days towards halfway house or home confinement. (Doc. 20-1 at 4-5.) Langford then filed his

amended petition on November 4, 2022, challenging the result of the BOP's October 7, 2022 earned time credit calculation. (Doc. No. 19.) Respondent, the Warden of FCI-Allenwood ("Respondent"), responded to the amended petition on November 14, 2022, arguing that the petition should be dismissed for failure to exhaust administrative remedies, that Langford's claims are moot, and that the BOP's home confinement decisions are not subject to judicial review. (Doc. No. 20.)

## II.   DISCUSSION

At the outset, Langford's claim in his original petition seeking to compel the BOP to apply earned time credits towards his sentence pursuant to the FSA will be dismissed as moot. The filing of Langford's amended petition superseded the original petition and rendered it of no legal effect. See Dimanche v. Tay-Taylor, 536 F. App'x 173, 176 n.4 (3d Cir. 2013) (unpublished); cf. W. Run Student Housing Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013).

Turning to the amended petition's challenge to the October 7, 2022 earned time credit calculation, although 28 U.S.C. § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).) Exhaustion is not required when it would not promote these goals,

such as when exhaustion would be futile.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).  To properly exhaust administrative remedies under Section 2241, a petitioner must comply with all administrative remedies that the BOP makes available to him.  Cf. Woodford v. Ngo, 548 U.S. 81, 90 (2006) (noting that exhaustion in administrative law context generally requires party to comply with all administrative processes that the agency holds out as available); see also Eiland v. Warden Fort Dix FCI, 634 F. App'x 87, 90 (3d Cir. 2015) (unpublished) (requiring proper exhaustion under Woodford in context of Section 2241 habeas corpus petition).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement."  See 28 C.F.R. § 542.10(a).  First, an inmate should attempt informal resolution of the issue with the appropriate staff member.  See id. § 542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the warden within twenty (20) calendar days "following the date on which the basis for the Request occurred."  See id. § 542.14(a).  The warden is to respond to the request within twenty (20) calendar days.  See id. § 542.18.  An inmate dissatisfied with the warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the warden signed the response."  See id. § 542.15(a).  Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response."  See id.  The General Counsel's response is due within forty (40) calendar days; however, the time period for response may be extended by twenty (20) days.  See id. § 542.18.

In this case, Respondent contends that Langford has failed to exhaust administrative remedies because he has not filed any administrative remedy requests relating to the October 7,

3

2022 earned time credit calculation. (Doc. No. 20 at 9-10.) Respondent attaches a declaration from Jennifer Knepper, an attorney advisor for the BOP, which corroborates Respondent's contention that Langford has failed to exhaust administrative remedies. (Doc. No. 20-1 at 4.) Langford concedes that he has not completed the BOP's administrative remedy process with respect to this claim, see (Doc. No. 19 at 3 ("I have procedurally initiated [an] administrative remedy challenging this.")), but asserts it is a "known fact" that he will be released from BOP custody "long before that administrative remedy process is completed." (Id.) Langford does not offer any support for this "known fact." Accordingly, the Court finds Langford's undeveloped argument to excuse administrative exhaustion unavailing and concludes that Langford has failed to exhaust administrative remedies. The amended petition will be dismissed on that basis.

Langford's motion for preliminary injunctive relief, motion for a hearing on the motion for preliminary injunctive relief, and motion for judicial notice (Doc. Nos. 21, 25-26), will be denied as moot in light of the dismissal of this case. The Court will additionally deny Langford's motion to strike Respondent's opposition to his amended petition. (Doc. No. 27.) The motion seeks to strike Respondent's opposition based on purportedly inaccurate information included in the opposition. (Id.) None of the purportedly inaccurate information, however, pertains to the dispositive issue of Langford's failure to exhaust administrative remedies with respect to the claims raised in the amended petition. The motion will accordingly be denied.

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Langford's amended petition for writ of habeas corpus without prejudice and close this case. All other pending motions will be denied. An appropriate Order follows.